UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| SAN JUANA DE LA PUENTE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:24-CV-00291 |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Verified Motion for Partial Summary Judgment on Defendant's Waiver of Policy Appraisal Clause, (Dkt. No. 7), and Defendant's Objections to Plaintiff's Summary Judgment Exhibits, (Dkt. No. 14). For the reasons below, the Court **DENIES** Plaintiff's Motion **WITHOUT PREJUDICE** and **OVERRULES** Defendant's Objections **AS MOOT**.

**I.   BACKGROUND**[1]

Plaintiff San Juana De La Puente sustained wind damage to his home, located in Penitas, Texas, in April 2023. (Dkt. No. 1-4 at 4). Allstate Vehicle and Property Insurance Company ("Allstate") insured De La Puente's home. (*Id.*); (Dkt. No. 15-2). On May 9, 2023, De La Puente reported the claim to Allstate. (Dkt. No. 7-1 at 2); (Dkt. No. 15 at 8).

---

[1] Except where noted, this Section contains only undisputed facts, and all facts and reasonable inferences have been construed in favor of the nonmovant. *Renfroe v. Parker*, 974 F.3d 594, 599 (5th Cir. 2020). The Court has not weighed evidence or made credibility findings. *Id.*

Allstate inspected the home and prepared an estimate of the damages that fell below De La Puente's deductible. (Dkt No. 7-1 at 2); (Dkt. No. 15 at 8); (Dkt. No. 7 at 13); (Dkt. No. 15-1 at 2). Dissatisfied, De La Puente hired a different contractor to prepare another estimate in September 2023. (Dkt. No. 7 at 14); (Dkt. No. 7-1 at 19–146). The estimate was submitted to Allstate in October 2023. (Dkt. No. 1-7); (Dkt. No. 15 at 8). Allstate performed a second inspection in November 2023, (Dkt. No. 15-1 at 2), which Allstate alleges "confirmed the findings from Allstate's first inspection," (*id.*); (Dkt. No. 15 at 8).

On May 28, 2024, De La Puente sued Allstate in state court in Hidalgo County for declaratory relief, violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act, fraud, breach of contract, and breach of the duty of good faith and fair dealing. (Dkt. No. 1-4 at 2–26). On July 8, 2024, Allstate answered in state court with a general denial,[2] (*id.* at 33–41), and later removed the case to this Court under diversity jurisdiction, (Dkt. No. 1).

The insurance policy includes an appraisal clause allowing either party to demand appraisal of disputed loss amounts. (Dkt. No. 15-2 at 45–46). As of the Court's consideration of this Motion, Allstate has not invoked appraisal. (Dkt. No. 15 at 9). Nevertheless, De La Puente moves for partial summary judgment on the basis that Allstate waived its right to appraisal.[3] (Dkt. No. 7).

---

[2] Allstate subsequently filed its First Amended Answer with the Court. (Dkt. No. 21).

[3] Counsel for De La Puente filed nearly identical motions on the issue of appraisal waiver in many cases in late-2024. (Dkt. No. 15 at 5); *see, e.g., Del Castillo Zavala v. Allstate Tex. Lloyds*, No. 7:24-CV-00313, 2025 WL 1485870, at *1 (S.D. Tex. Jan. 23, 2025) ("Through the Motion, filed by the same counsel in multiple other cases, Plaintiff seeks summary judgment on her argument that
(continue)

## II.     LEGAL STANDARD

### A.     SUMMARY JUDGMENT

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it could affect the suit's outcome under governing law. *Renwick v. PNK Lake Charles, LLC*, 901 F.3d 605, 611 (5th Cir. 2018) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)). And "[a] dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *TIG Ins. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (quoting *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion" and identifying the record evidence that "it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).

If the movant meets this burden, the nonmovant must come forward with specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(c); *see also Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986).

---

Defendant waived its contractual right under the parties' insurance policy — a right shared by Plaintiff — to invoke appraisal to resolve any dispute on the 'amount of loss.'").

3

The nonmovant must "go beyond the pleadings and by [the nonmovant's] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Nola Spice Designs, LLC v. Haydel Enters.*, 783 F.3d 527, 536 (5th Cir. 2015) (quoting *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014)). "The nonmovant must 'identify specific evidence in the record and . . . articulate the precise manner in which that evidence supports his or her claim.'" *Carr v. Air Line Pilots Ass'n, Int'l*, 866 F.3d 597, 601 (5th Cir. 2017) (per curiam) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)). If evidence is merely colorable or not significantly probative, summary judgment is appropriate. *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 378 (5th Cir. 2019) (citing *Anderson*, 477 U.S. at 249–50, 106 S.Ct. at 2511).

In reviewing a motion for summary judgment, the district court views the evidence in the light most favorable to the nonmovant. *Carr*, 866 F.3d at 601. This means that courts must resolve factual controversies in the nonmovant's favor, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075.

### B.  APPRAISAL CLAUSES

"[F]ederal courts sitting in diversity apply state substantive law and federal procedural law." *Nat'l Liab. & Fire Ins. v. R&R Marine, Inc.*, 756 F.3d 825, 834 (5th Cir. 2014) (quoting *Gasperini v. Ctr. for Humans., Inc.*, 518 U.S. 415, 427, 116 S.Ct. 2211, 2219, 135 L.Ed.2d 659 (1996)). Accordingly, this Court applies "the substantive insurance law of Texas." *Int'l Ins. v. RSR Corp.*, 426 F.3d 281, 291 (5th Cir. 2005).

"An insurance policy is a contract that establishes the respective rights and obligations to which an insurer and its insured have mutually agreed . . . ." *In re Farmers Tex. Cnty. Mut. Ins.*, 621 S.W.3d 261, 270 (Tex. 2021) (orig. proceeding) (quoting *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 488 (Tex. 2018)). Policies are construed in the same manner as any other contract. *Menchaca*, 545 S.W.3d at 488. Appraisal clauses are included in most insurance policies as a way of resolving disputes over the amount of covered losses. *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 888–89 (Tex. 2009). "These clauses are generally enforceable, absent illegality or waiver." *In re Universal Underwriters of Tex. Ins.*, 345 S.W.3d 404, 407 (Tex. 2011) (orig. proceeding).

## III.   DISCUSSION

### A.   WAIVER OF APPRAISAL CLAUSE

De La Puente argues that Allstate waived its contractual right to invoke appraisal. The Court disagrees. The party challenging appraisal based on waiver grounds bears the burden of establishing (1) an unreasonable delay between the point of impasse in negotiations and the appraisal demand, and (2) prejudice resulting from the delay. *In re Allstate Vehicle & Prop. Ins.*, 549 S.W.3d 881, 889 (Tex. App.—Fort Worth 2018, orig. proceeding) (citing *In re Universal Underwriters.*, 345 S.W.3d at 411). Because Allstate has not invoked appraisal, the waiver issue is not ripe.[4] Even if the issue were ripe, De La Puente has not established that he is prejudiced by Allstate's purported delay.

---

[4] As noted above, the pending motion is almost identical to other motions filed in different cases by De La Puente's counsel. *See supra* 2 n.3. The Court's ruling here comports with the decision reached by Chief Judge Randy Crane of this Division in one of the other motions, which held that waiver was not ripe for review and denied the motion for partial summary judgment without prejudice. *See Del Castillo Zavala*, 2025 WL 1485870, at *1.

### 1. Ripeness

Ripeness turns on whether the dispute involves "uncertain and contingent future events that may not occur as anticipated, or indeed may not occur at all." *Fed. Election Comm'n v. Lance*, 635 F.2d 1132, 1138 (5th Cir. 1981) (en banc) (quoting 13 Wright, Miller & Cooper, Fed. Prac. & Proc. § 3532 (1975)). Allstate has not invoked appraisal and "has not decided" if it will. (Dkt. No. 15 at 10). Because it is uncertain whether Allstate will invoke appraisal as De La Puente anticipates, the waiver argument is not ripe.

De La Puente argues that the Court should decide the issue now because "[a] trial court may determine whether an appraisal has been waived as a matter of law at the preliminary stages of litigation." (Dkt. No. 7 at 23) (quoting *Ganim v. Zurich Am. Ins.*, No. 4:23-CV-01897, 2024 WL 420149, at *2 (S.D. Tex. Feb. 5, 2024)). *Ganim*, however, is not on point. There, the plaintiff actually demanded appraisal, making the waiver issue "definite and concrete." *Int'l Tape Mfrs. Ass'n v. Gerstein*, 494 F.2d 25, 27 (5th Cir. 1974) (citing *Aetna Life Ins. v. Haworth*, 300 U.S. 227, 240–41, 57 S.Ct. 461, 464, 81 L.Ed. 617 (1937)) (stating the "general rule for determining ripeness"). Here, no demand has been made. The Court thus declines to resolve the waiver defense prematurely and denies summary judgment without prejudice.

### 2. Prejudice

Even assuming the issue were ripe, the waiver argument fails for a different reason: De La Puente has not shown prejudice. *In re Universal Underwriters*, 345 S.W.3d at 411 ("[M]ere delay [in seeking appraisal] is not enough to find waiver; a party must

6

show that it has been prejudiced."). Prejudice may be demonstrated by harm to a party's legal rights or financial position. *Id.* Even so, as the Texas Supreme Court observed:

> [I]t is difficult to see how prejudice could ever be shown when the policy, like the one here, gives both sides the same opportunity to demand appraisal. If a party senses that impasse has been reached, it can avoid prejudice by demanding an appraisal itself. This could short-circuit potential litigation and should be pursued before resorting to the courts.

*Id.* at 412.

De La Puente argues he has been prejudiced by Allstate's delay in invoking appraisal because he has incurred litigation expenses. (Dkt. No. 7 at 33–35). But this prejudice is self-imposed. The policy allows De La Puente to demand appraisal and he chose not to. (Dkt. No. 15-2 at 45–46). By bypassing the less expensive appraisal process, De La Puente assumed the higher costs of litigation instead.[5]

De La Puente also asserts that he has been prejudiced by the threat of an appraisal demand. (Dkt. No. 7 at 10, 22–23, 34–35). In his view, Allstate can "theoretically invoke appraisal on the courthouse steps at trial." (*Id.* at 34–35). This alleged prejudice is not only speculative but also unsupported; De La Puente has identified no specific evidence

---

[5] To be sure, much of the case law cited by De La Puente, (Dkt. No. 7 at 35–36), shows that *Allstate* would be prejudiced if *De La Puente* were to invoke appraisal at this point. *See Coleman v. AmGuard Ins.*, 709 F.Supp.3d 279, 283 (S.D. Tex. 2023) (finding plaintiff waived appraisal by invoking it after filing suit, and defendant was prejudiced because it "incurred expense throughout the litigation process, all or most of which would have been avoided if [plaintiff] had demanded appraisal before—or at least promptly after—bringing this lawsuit"); *Ganim*, 2024 WL 420149, at *3 (finding plaintiff waived appraisal by invoking it after filing suit, and defendant was prejudiced because it incurred costs that could have been avoided if plaintiff invoked appraisal before filing suit); *Elevia, Inc. v. AmGuard Ins.*, No. 4:19-CV-04028, 2020 WL 6192008, at *2 (S.D. Tex. May 21, 2020) (same).

to support that Allstate has made such a threat. Because there is no evidence of prejudice, De La Puente is not entitled to summary judgment on the waiver issue.

### B. OBJECTIONS TO SUMMARY JUDGMENT EVIDENCE

The Court did not rely on any of the objected-to portions of the partial motion for summary judgment. Accordingly, Allstate's objections are overruled as moot. *See, e.g., Garcia v. City of Laredo*, No. 5:12-CV-00117, 2014 WL 2815682, at *1 n.1 (S.D. Tex. June 20, 2014).

### IV. CONCLUSION

Considering the foregoing analysis, the Court **DENIES** Plaintiff's Verified Motion for Partial Summary Judgment on Defendant's Waiver of Policy Appraisal Clause, (Dkt. No. 7), **WITHOUT PREJUDICE** and **OVERRULES** Defendant's Objections to Plaintiff's Summary Judgment Exhibits, (Dkt. No. 14), **AS MOOT**.

It is SO ORDERED.

Signed on September 30, 2025.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**